# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2012

No. 11-50781
c/w No. 11-50798
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON JAVIER CASTRO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-56-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ramon Javier Castro was convicted of possession with intent to distribute at least five kilograms of cocaine and sentenced to 120 months of imprisonment and five years of supervised release. He appeals the denial of his motion to suppress evidence obtained from a search of his vehicle following a traffic stop.

Castro contends that the traffic stop was unconstitutional because the officer did not have an objectively reasonable basis for believing that Castro had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed a traffic violation by traveling in the left lane of the highway without passing.  He argues that he did not commit a traffic violation because he lacked notice of the left-lane driving restriction.  This specific argument regarding the legality of the traffic stop is raised for the first time on appeal.  "[F]ailure to raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal." *United States v. Pope*, 467 F.3d 912, 918-19 (5th Cir. 2006) (emphasis in original).  Therefore, Castro's argument on appeal is waived.  We have nonetheless reviewed Castro's argument for plain error "for good measure." *United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010).

To show plain error, Castro must show that the error was clear or obvious and affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

A warrantless but limited search and seizure of a vehicle is permissible under the Fourth Amendment "where there is a reasonable and articulable suspicion that a person has committed or is about to commit a crime." *United States v. Jones*, 234 F.3d 234, 239 (5th Cir. 2000).  The legality of such a search or seizure is examined under the two-pronged analysis set forth in *Terry v. Ohio*, 392 U .S. 1 (1968), to determine "1) whether the officer's action was justified at its inception; and 2) whether it was reasonably related in scope to the circumstances that justified the interference in the first place." *Id.* at 240.

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).  It would not have been clearly erroneous for the district court to have found that Castro

traveled by a sign notifying drivers of the left-lane travel restriction at highway mile marker 321. *See United States v. Jones*, 234 F.3d 234, 239 (5th Cir. 2000). Since Castro traveled by a sign notifying drivers of the left-lane travel restriction, the arresting officer had reasonable suspicion to stop Castro for traveling in the left lane without passing. *See Green v. State*, 93 S.W.3d 541, 546 (Tex. App. 2002) (citing TEX. TRANSP. CODE ANN. §§ 544.004, 544.011).

Castro nonetheless argues that driving in the left lane without passing is not a traffic violation if there is no sign prohibiting the conduct at the time and place of the alleged violation. The sign that Castro traveled by was 24 miles from the location of the alleged violation. Castro has failed to carry his burden on plain error review of demonstrating that the Texas Transportation Code requires the traffic control device to be in direct proximity to the location of the alleged violation. *Cf.* TEX. TRANSP. CODE ANN. § 544.004(b); *see United States v. Sandlin*, 589 F.3d 749, 757 (5th Cir. 2009). Therefore, he cannot show that the district court erred, much less plainly erred, by denying his motion to suppress on the ground that the officer had reasonable suspicion to stop him for committing a traffic violation. In light of this conclusion, we need not reach Castro's argument that his consent to the search of the vehicle was involuntary because the traffic stop was unconstitutional.

The judgment of the district court is AFFIRMED.